Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JOSÉ RAMÓN ORTIZ FELICIANO Y OTROS<br><br>Apelada<br><br><br>v.<br><br><br>JOSÉ LUIS ORTIZ MARCIALES Y OTROS<br><br>Apelante | TA2026AP00032 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.:<br>CG2023CV01308<br><br>Sobre:<br>División o Liquidación de Comunidad de Bienes Hereditarios |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de febrero de 2026.

Comparecen mediante recurso de apelación el Sr. José Luis Ortiz Marciales y la Sra. Margarita Marciales Castiblanco (apelantes). Nos solicitan que revoquemos una *Sentencia* emitida el 11 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI). A través del aludido dictamen, el foro recurrido declaró Ha Lugar la *Demanda* de división o liquidación de comunidad de bienes hereditarios presentada por los señores José Ramón Ortiz Feliciano y Roberto Ortiz Feliciano (señores Ortiz Feliciano o apelados). Por las razones que expondremos a continuación, confirmamos la *Sentencia* apelada, aunque por otros fundamentos.

En síntesis, el caso de epígrafe trata de una *Demanda* de división y liquidación de comunidad de bienes hereditarios. Según surge del expediente, el señor José Ortiz Cuencas (causante), otorgó una

Escritura Pública de Testamento Abierto el 1 de septiembre de 1988, durante la vigencia del Código Civil de 1930 (31 LPRA secs. 1 *et seq.*).[1] En lo que nos concierne, dispuso lo siguiente:

-----CUARTO: Haciendo uso de las facultades que le concede la LEY, el testador dispone que es su voluntad que al momento de su fallecimiento del total de los bienes que le pertenezcan sean repartidos como sigue:-----------------------------------------------------

-----A. DOS TERCERAS PARTES (2/3) se repartan a partes iguales entre sus TRES (3) mencionados hijos de nombres JOSÉ RAMÓN ORTIZ FELICIANO, ROBERTO ENRIQUE ORTIZ FELICIANO y JOSÉ LUIS ORTIZ MARCIALES.-----------------------------------

-----B. Es su voluntad que el TERCIO (1/3) restante de sus bienes, el TERCIO de libre disposición le sea entregado a su actual esposa DOÑA MARGARITA MARCIALES CASTIBLANCO para que los posea y disponga de ellos como su legítima dueña, ello sin menoscabo de lo que por cuota viudal usufructuaria le pueda conceder la ley.-------------------------------------------------------------[2]

Adicionalmente, designó a la señora Marciales Castiblanco como albacea y contadora-partidora.[3] Posteriormente, el 5 de febrero de 2022, durante la vigencia la Ley Núm. 55-2020, según enmendada, también conocida como el *"Código Civil de Puerto Rico" de 2020* (nuevo Código Civil) (31 LPRA secs. 5311 *et seq.*) falleció el causante. Luego, el 28 de abril de 2023, los apelados presentaron la *Demanda* de epígrafe, y el 14 de junio de 2023, la señora Marciales Castiblanco presentó su *Contestación a Demanda y Reconvención*.

Superados varios incidentes procesales, el 6 de noviembre de 2025, se llevó a cabo el juicio en su fondo. Se desprende de la *Minuta* que las partes manifestaron al foro apelado la existencia de una controversia sobre la manera en la que se llevaría a cabo la partición del caudal hereditario. El TPI sostuvo que la partición se haría conforme a

---

[1] Aclaramos que el Código Civil de 1930 fue derogado por la Ley Núm. 55-2020, que ahora constituye el nuevo Código Civil. No obstante, haremos referencia al estatuto derogado para propósitos de disponer adecuadamente del presente recurso.

[2] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA), Entrada Núm. 1, Anejo 5, pág. 3.

[3] Íd., pág. 4.

las disposiciones del nuevo Código Civil. Luego de sometido el caso, el foro impugnado les concedió a las partes un término de veinte (20) días para la presentación de un Memorando de Derecho.

En cumplimiento con lo ordenado por el TPI, el 26 de noviembre de 2025, tanto la parte apelante como la parte apelada, presentaron sus respectivos memorandos de derecho. Los apelados sostuvieron, en resumen, que la cláusula testamentaria en la que el causante dispuso que sus tres (3) hijos se repartiesen en partes iguales dos terceras (2/3) partes de sus bienes al momento de este fallecer, constituyó una mejora tácita. Argumentaron que, conforme al régimen sucesorio del Código Civil de 1930, una tercera parte (1/3) de esta porción incluía, aparte de la legítima, el tercio de mejora, el cual podía utilizarse para beneficiar a uno o más de sus descendientes.

Reconocieron que el concepto de las mejoras quedó proscrito en bajo el nuevo Código Civil, pero señalaron que el referido cuerpo estatutario contempla honrarlas en la medida en que expresen la voluntad enunciada. En ese sentido, propusieron al foro apelado que, al realizar la división, liquidación y partición del caudal hereditario, restase la partida de la presunta mejora a la partida de la libre disposición, para respetar la voluntad del causante.

En cambio, la apelante adujo que la designación por concepto de mejora bajo el derogado Código Civil de 1930 tiene que ser de forma explícita, no implícita. Arguyó, en suma, que, en este caso, el causante no mejoró a ninguno de sus hijos en el testamento abierto en cuestión. Por tanto, alegaron que la voluntad del fallecido fue dejar a sus tres (3) hijos, en partes iguales, las dos terceras (2/3) partes de la legítima, y dejar el tercio (1/3) restante de la libre disposición a su esposa, la señora

Marciales Castiblanco. Sostuvo que, al realizar la partición conforme a las disposiciones del nuevo Código Civil, la partida de la legítima le correspondía a ella —como cónyuge supérstite— y a los hijos del causante, y la partida de la libre disposición le correspondía totalmente a la viuda, aquí apelante.

El 11 de diciembre de 2025, el TPI emitió la *Sentencia* impugnada, a través de la cual acogió los argumentos esgrimidos por los apelados. Concluyó que la cláusula testamentaria en cuestión era lo suficientemente clara e inequívoca como para ser considerada una mejora válida —y tácita— en favor de los descendientes. Por tanto, declaró Ha Lugar la *Demanda* presentada por los señores Ortiz Feliciano y realizó la partición del caudal hereditario según propuesto por los apelados. Como resultado, la partida de la libre disposición correspondiente a la señora Marciales Castiblanco, se redujo.

En desacuerdo, el 11 de enero de 2026, la parte apelante presentó el recurso de apelación que nos ocupa. Alegó que el foro recurrido erró al reducir de la libre disposición una partida por concepto de mejora en ausencia de una manifestación expresa del causante en el testamento a esos efectos, y no adjudicar la libre disposición de manera íntegra a la señora Marciales Castiblanco, según la voluntad del fallecido. En adición, señaló que el Tribunal de Primera Instancia incidió al realizar la partición y determinar que la partida de dinero que le correspondía a esta era de $518,391.42. Aseveró que, de acuerdo con el nuevo ordenamiento sucesorio, recibiría la partida de la libre disposición en su totalidad, más una cuarta parte (1/4) de la porción de la legítima.[4]

---

[4] El caudal hereditario en este caso asciende a $1,777,342.00. La apelante aduce que debe recibir la cantidad de $1,110,837.50.

El 5 de febrero de 2026, los apelados presentaron su alegato en oposición. Argumentaron que el planteamiento de la apelante no honraría la última voluntad del causante. Alegaron que la disposición testamentaria en cuestión a través de la cual el causante designó dos terceras partes (2/3) de su caudal hereditario a favor de sus tres (3) hijos, a ser repartido entre los tres en partes iguales, conformó una mejora a favor de estos.

Adujeron además que, aunque es cierto que el fallecido no incluyó expresamente la palabra "mejora", el contenido de la cláusula refleja una voluntad inequívoca de mejorar a sus hijos tras designar una tercera parte (1/3) de la legítima a esos efectos, la cual estaba legalmente disponible para ser utilizada como mejora a favor de uno o varios de sus descendientes. Sostuvieron, además, que al realizar la partición del caudal hereditario conforme a las disposiciones del Código Civil de 2020, no puede incluirse a la viuda en la partida de la legítima, pues realizar lo contrario obviaría la última voluntad del causante.

Con el beneficio de la comparecencia de ambas partes, resolvemos. El Código Civil de 1930 definía la figura del testamento como "[e]l acto por el cual una persona dispone para después de su muerte de todos sus bienes, o de parte de ellos". Art. 616 del Código Civil de Puerto Rico de 1930 (31 LPRA sec. 2121). Vale resaltar que, bajo el derogado régimen sucesorio, el caudal hereditario se divide en tres partes. Dos terceras (2/3) partes del haber hereditario comprenden la legítima de los hijos y descendientes legítimos, mientras que el tercio (1/3) restante constituye la partida de libre disposición. Art. 737 del Código Civil de 1930 (31 LPRA sec. 2363).

Con respecto a las dos terceras partes (2/3) que conforman la legítima —conocida como la legítima larga—, el causante puede disponer de una parte (1/3) de ella —conocida como la legítima corta o estricta— para aplicarla como una mejora a sus hijos y descendientes legítimos o naturales legalmente reconocidos. 31 LPRA sec. 2363; Véase, M.A. Diez Fulladosa, *La Herencia: su régimen jurídico en Puerto Rico*, 1a ed., San Juan, Editorial InterJuris, 2015, pág. 161.

En lo que nos atañe, la figura de la mejora es, por definición, la disposición que realiza el causante de una de las dos terceras partes (2/3) destinadas a la legítima, a favor de uno o varios de sus hijos o descendientes. Art. 751 del Código Civil de Puerto Rico de 1930 (31 LPRA sec. 2391). Nuestro más Alto Foro ha expresado que la facultad de mejorar concedida a un testador "es la potestad para ser justo o injusto, para amparar la invalidez, fortalecer económicamente el porvenir de algún descendiente, premiar su ayuda en el fomento del caudal y hasta hacer ajuste de cuentas, o simplemente mostrar la preferencia efectiva del disponente." *Pérez v. Pérez Agudo*, 103 DPR 26, 27 (1974).

Mejor dicho, la mejora es:

aquella porción de la herencia que recibe un descendiente además de la legítima y como ventaja respecto de los otros herederos forzosos; más *restringidamente,* aquella porción del segundo tercio con la cual el ascendiente, o bien favorece a alguno de sus descendientes que no sean herederos forzosos, o bien la distribuye desigualmente entre los que efectivamente lo sean, incluso atribuyéndola totalmente a uno solo de ellos. Diez Fulladosa, *op. cit.*, pág. 177 (citando a J. Castán Tobeñas, *Derecho Civil español, común y foral, Derecho de Sucesiones*, 9ª ed., Ed. Reus, 1989, T. VI, Vol. I, pág. 63.).

Como norma general, la designación de la mejora debe realizarse de manera expresa. Art. 755 del Código Civil de Puerto Rico de 1930 (31 LPRA sec. 2395); Véase, *Cintrón Vélez v. Cintrón De Jesús* 120

DPR 39, 47 (1987); *Dávila v. Agrait*, 116 DPR 549, 573 (1985); Diez Fulladosa, *op. cit.*, pág. 179. Sin embargo, nuestro ordenamiento jurídico admite la mejora tácita en ciertas circunstancias. Diez Fulladosa, *op. cit.*, pág. 179.

La característica principal de la mejora es la desigualdad económica. Íd. Por tanto, "cuando el testador distribuye el tercio destinado a mejora por partes iguales entre todos sus descendientes de primer grado (hijos) en efecto no ha realizado una mejora en su sentido técnico jurídico, porque no se produce ventaja económica alguna de unos sobre otros". Íd.

Ahora bien, la Asamblea Legislativa estableció en el nuevo Código Civil una cláusula de transición que explica lo procedente cuando un individuo, que otorgó testamento bajo el Código Civil de 1930, fallece en vigencia del Código Civil 2020. En lo pertinente, el Artículo 1816 establece que "la herencia de los fallecidos después [de la vigencia de este código], sea o no con testamento, se adjudica y reparte con arreglo a este Código; pero cumpliendo, en cuanto este lo permita, las disposiciones testamentarias". Art. 1816 del Código Civil de Puerto Rico de 2020 (31 LPRA sec. 11721). Dispone, además, que "se respetarán, por lo tanto, las legítimas, las mejoras y los legados; pero reduciendo su cuantía, si de otro modo no se puede dar a cada partícipe en la herencia lo que le corresponde según el Código". Íd. Es decir, cuando se otorga un testamento bajo el Código Civil de 1930, pero el causante fallece bajo el Código Civil de 2020, lo procedente es, en ausencia de incompatibilidades que lo impidan, armonizar el mandato del Código nuevo con las disposiciones testamentarias para así respetar la última voluntad del testador.

Bajo el Código Civil de 2020, la legítima, la cual es reservada a los legitimarios, entiéndase los descendientes en línea recta y el cónyuge supérstite, constituye la mitad del caudal. Arts. 1621, 1622, y 1720 del Código Civil de Puerto Rico de 2020 (31 LPRA secs. 11161-11162 y 11432). En cambio, la partida de libre disposición constituye la otra mitad del haber hereditario. Art. 1623 del Código Civil de Puerto Rico de 2020 (31 LPRA sec. 11163).

Luego de un análisis sosegado del legajo apelativo ante nuestra consideración, resolvemos que no le asiste la razón a la señora Marciales Castiblanco. Si bien es cierto que la cláusula testamentaria en disputa no conformó una mejora tácita, realizar la partición del caudal según las pretensiones de la apelante soslayaría y concretamente iría en contra de la voluntad del fallecido.

Surge diáfanamente del expediente que el deseo del causante fue que sus tres (3) hijos se repartieran dos terceras partes de la totalidad (2/3) de sus bienes en partes iguales, y que su viuda recibiera el tercio (1/3) restante de su haber hereditario. Es decir, el hecho de que no se haya configurado una mejora tácita, no impide que los bienes del causante se repartan según dispuesto por el foro apelado pues ello encuentra cauce jurídico en el ordenamiento actual. Como el fallecimiento del causante ocurrió durante la vigencia del Código Civil de 2020, se debe realizar la partición del caudal conforme a las disposiciones del nuevo Código, respetando siempre la última voluntad del testador. Por tanto, razonamos que la partición ejecutada por el TPI no contraviene las cláusulas testamentarias en cuestión.

Al armonizar las cláusulas del Testamento bajo discusión a la legislación actual, resolvemos que la partición del caudal hereditario en

disputa, según realizada por el Tribunal de Primera Instancia, obedece y honra la voluntad del causante sin infringir los contornos del ordenamiento sucesoral vigente.

Por todo lo anterior, confirmamos la *Sentencia* apelada por fundamentos distintos a los esgrimidos por el foro impugnado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones